UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DR. MADHWA RAJ** | * | CIVIL DOCKET |
| VS | * | NO. 11- |
| **LOUISIANA STATE UNIVERSITY, LSU BOARD OF SUPERVISORS, LSU HEALTH AND SCIENCES CENTER IN NEW ORLEANS** | * | SECTION " " ( ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes claimant, DR. MADHWA RAJ, a person of the full age of majority and domiciled within the jurisdictional territory of this Court, who, with respect, represents as follows:

1. This Court has jurisdiction over Petitioner's federal claims under the following statute and pendent jurisdiction over Petitioner's state claim:

   a. **Age Discrimination in Employment Act** of 1967, 29 U.S.C. 621 - 634, for discrimination in employment based on age;

   b. **Title VII of the Civil Rights Act of 1964**, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq., which prohibits discrimination and retaliation in employment based on race and national origin in pay and working conditions;

   c. **Equal Pay Act - 29 U.S.C. 206(d)(1) (EPA)** - for the intentional and discriminatory payment of salary based on gender;

   d. The Court has pendent jurisdiction over the following state law claims:

      (1) **Under La. Civil Code 2315, 1953**, for intentional fraud, fraudulent

    inducement, intentional misrepresentation and intentional infliction of emotional distress;

  (2) **La. Civil Code 2315, et seq** - for conspiracy to commit and for committing intentional infliction of emotional distress in an effort to force Plaintiff to resign or retire because of Claimant's age, race and national origin and conspiring to refuse to pay Claimant equally based on age, national origin, race and gender;

  (3) **La. Civil Code 2315, et seq** - for breach of contract.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Petitioner filed with the EEOC a charge of discrimination based on age, race, national origin and equal pay, bearing charge number 461-2011-00889, against defendant(s).

3. On April 20, 2011, the EEOC issued a notice of right to sue, and petitioner files these claims within the requisite period of time.

## VENUE

4. This cause of action arose in this district and all parties are residents of and domiciled in this district.

## PARTIES

5. Petitioner, DR. MADHWA RAJ, is a citizen of the United States, a person of the full age of majority and domiciled within the jurisdictional territory of this Court.

6. Louisiana State University, the LSU Board of Supervisors, and the LSU Health and Sciences Center of New Orleans are a university and branches of a

university with the right to sue and be sued, and domiciled in and doing business within the jurisdictional territory of this Court.

## FACTS

7. Dr. Madhwa Raj was appointed full professor in 1984 and awarded indeterminate tenure in 1987. His current title is Professor of Ob-Gyn and Biochemistry.

**I.     Harassment because of age. Funding a pretest:**

8. In June of 2009 his NIH grant funding ended and he began writing grant proposals for continued funding.

9. A professor's tenure is not predicated on obtaining funding.

10. In December of 2009, Dr. Thomas Nolan, departmental chairman, began harassing Dr Raj regarding funding, and claimed that this harassment was coming from the newly appointed Dean, Dr. Steve Nelson.

11. No one else situated as Petitioner has this funding requirement, that is, produce funding in order to keep tenure or employment.

**II.    Discrimination in salary based on race, national origin, ethnicity:**

12. Petitioner, in January 2011, discovered that his salary has been the lowest of all professors with his qualifications currently and continuously for his entire employment period with LSU.

13. Petitioner's salary was and is lower than any associate professor in the basic science departments.

14. All associate professors in the basic science departments have fewer years of service than Petitioner.

15. Petitioner's salary is in the range of Assistant professors, even though he has put in over 25 years of service.

    a. Further, some assistant professors at entry level have been offered, and accepted, higher salaries than Petitioner made after 25 years as a full professor.

16. Contrary to similarly situated and less qualified comparables, Petitioner's base salary has not been increased for over 6 years.

17. Petitioner has been further systematically discriminated against and harassed based on age, race and national origin in the following non-exclusive particulars at the LSU Health Sciences Center, causing damage to claimant's career as well as injury to claimant:

18. In Dec. 2009, Dr. Nolan informed Petitioner that a supplement of $15,000, given only a year before, was being withdrawn, allegedly due to not "bringing in funds (grants)".

19. In Dec. 2009, Petitioner was writing grant proposals, was guiding Ob-Gyn Residents and a graduate student in research, publishing papers.

20. In Dec. 2009, as a tenured professor, Petitioner's salary was guaranteed by state funds and not derived from grants.

21. Around March of 2010, Dr. Nolan asked Petitioner to write a letter of retirement effective June 30, 2010.

22. Petitioner never expressed an intention to retire by June 30, 2010.

23. Dr. Nolan was attempting to create a false record suggesting that claimant was considering retirement, and otherwise giving claimant a message.

24. Petitioner's former counsel, Norman Mott, wrote a letter to the pertinent LSU Health Sciences personnel, offering to discuss these matters with LSU attorneys and senior administration. After one contact between attorneys the harassment ceased for a while, then began again.

25. The Dean of Medical School subsequently ordered Petitioner's laboratory closed effective June 2010, as a method of harassment and to force Petitioner to retire.

26. Petitioner protested that he had an Egyptian graduate student in the middle of his graduate studies, with the funds for his research coming from the Egyptian Ministry.

27. Petitioner pointed out that closing his lab would interfere with his work and the students' graduate studies. The lab was closed anyway for pretext reasons.

28. These intentional, malicious, discriminatory actions and harassment exacerbated claimant's diabetes, causing him to go on sick leave. This then lead to neuropathy and chest pains, causing claimant to continue his sick leave.

29. As threatened, LSU closed claimant's lab, gave away more than $300,000 worth of equipment and chemicals that claimant brought with him when he first joined the LSUHSC and which was also developed using claimant's NIH funding.

30. Claimant's student was 'orphaned' without a lab. Claimant had to ask his student to write his thesis and try to finalize his degree requirement much faster than he would otherwise have done.

31. During defendants' campaign of racial, national origin and age harassment, claimant was researching the use of herbal compounds for curing ovarian and breast cancer on which he was writing his grant proposals, and further:

    a.    claimant's research could possibly lead to a cure for type 2 diabetes

    b.    he is planning a clinical trial

    c.    publishing research papers

    d.    residents guided by Petitioner in their research projects have consistently won one of the top three (3) prizes offered by the department

    e.    Petitioner's lecture on stem cells to the departmental faculty and residents was highly acclaimed and rated

    f.    Petitioner's publication on the effects of fried potato chips (performed in collaboration with Mansora University, Egypt and published in the Journal of Nutrition in 2011) has won the 14th John M. Kinney Award in Pediatric Nutrition to be presented at the forthcoming 33rd Congress of Clinical Nutrition and Metabolism in Gothenberg, Sweden, Sept. 3-6, 2011.

32. However, contrary to practice, procedure and the reasons for hire and the rules for retaining tenure, the yardstick used to measure claimant's performance at LSUHSC was not science or publications or teaching, but how much money he was currently bringing in through grants.

33. Claimant was writing grants to obtain funds, but the LSUHSC management was not even willing to give claimant time to follow through on his grant applications.

34. Once claimant's lab was closed, his ability to do research and develop preliminary data essential to obtain funding, was compromised and his academic freedom was lost.

35. Defendants harassed claimant for lack of funds, and at the same time took away his ability to attract funding, showing that attracting grants was pretext.

36. Claimant's Dean and chairman then co-signed a letter which stated that claimant would not have his independent laboratory, but work for an assistant professor in the core laboratory (further harassment designed to disgrace and embarrass claimant and force his retirement).

37. Defendants then stated that claimant's salary would be negotiated on his ability to bring grant support, after having destroyed claimant's lab and ability to compete for funding by applying for grants.

38. Defendant's gave claimant five (5) days to sign documents stating that he agreed with these "requirements".

39. Claimant questioned defendants as to whether they were making his base salary dependent of grant funding (even though, as a tenured professor, it is guaranteed by state funds) and defendants have yet to reply.

40. Claimant's illness continued, and he additionally tore his rotator cuff muscle in his shoulder, a very painful injury which takes a long time to heal.  Petitioner is now undergoing intense physical therapy .  At this time, his treating physician has extended his sick leave.

41. Defendants, as further harassment, have demanded unnecessary and duplicate records from claimant's physician which forces claimant to see his physician for medically unnecessary visits after a follow up date has been established.   a. Defendants demand that Petitioner see his physician every 10 days and turn in a 10 day report.

    b.    this is a totally unnecessary requirement in the medial opinion of petitioner's physician.

42. Petitioner has been discriminated against in terms of pay, work conditions, emoluments, bonuses, conditions fo employment, conditions of work and in other ways and methods on the basis of race, national origin, age and ethnicity.

43. Further, claimant has earned annual leave of over 8 months which LSUHSC is refusing to let him take.

## THE SCHEME AND CONSPIRACY

44. In order to entice and induce Petitioner into accepting the position and performing his duties without the same rate of pay as comparables or less qualified professors, defendants made intentional and false representations that Petitioner was being paid in conformity with the practice and levels of pay of colleagues.

45. Defendants intentionally and falsely represented that Petitioner's pay would be commensurate with his colleagues of the same qualifications and experience.

46. This was an intentional and fraudulent misrepresentation to keep claimant performing duties for less pay.

47. Finally, in order to force Petitioner to quit, defendant began harassing Petitioner re the bogus issue of funding and took away his laboratory for pretext reasons.

## COUNT I

48. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

49. By committing the intentional and negligent and intentional acts complained of, defendants have violated petitioner's rights under **Title VII of the Civil Rights**

**Act of 1964**, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq., which prohibits discrimination and retaliation in employment based on race, ethnicity, religion and national origin in pay and working conditions;

50. These and other violations have caused petitioner loss of pay, loss of benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT II

51. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

52. By committing the intentional and negligent acts and omissions complained of, defendants have violated petitioner's rights under the **Age Discrimination in Employment Act of 1967 (ADEA)** .

53. These and other violations have caused petitioner loss of income and benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT III

54. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

55. By committing the intentional acts complained of, defendants have violated petitioner's rights under **EQUAL PAY ACT, 29 U.S.C. 206(d)(1), et seq**.;

56. These and other violations have caused petitioner great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT IV

57. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

58. By committing the intentional acts complained of, defendants have breached their contract of employment with Plaintiff in violation of Louisiana law.

59. This and other violations have caused petitioner loss of income and benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT V

60. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

61. By committing the intentional acts complained of, defendants have violated petitioner's rights under **La. Civil Code 2315** by the intentional infliction of

emotional distress.

62. Defendant's actions are far beyond the pale of what is expected in a civilized society, and defendant has intentionally inflicted said emotional distress as a way of forcing Plaintiff and others to resign or retire.

63. This and other violations have caused petitioner great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT VI

64. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

65. By committing the intentional acts complained of, defendants have violated petitioner's rights under **La. Civil Code 2315 and 1953**, for intentional fraud and fraudulent inducement in promising Petitioner equal pay with those of commensurate rank and experience that Defendant never intended to provide, and further continuously lying and misrepresenting to Petitioner his status with regard to pay, funding and his lab.

66. These and other violations have caused petitioner great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court

deems necessary and proper.

WHEREFORE, petitioner, DR. MADHWA RAJ, prays that this Petition be filed and served and, after due proceedings, there be judgment in his favor and against defendants LOUISIANA STATE UNIVERSITY, LSU BOARD OF SUPERVISORS, LSU HEALTH AND SCIENCES CENTER IN NEW ORLEANS for compensatory, punitive, exemplary, general, legal, equitable, nominal, and all other damages that this Court deems necessary and proper.

Respectfully Submitted:

_____s/_____
John-Michael Lawrence (8143)
John-Michael Lawrence, LLC
Energy Center - Suite 2900 - PMB 204
1100 Poydras Street
New Orleans, La. 70163-2900
(504) 585-7797 tel
(225) 744-8748 fax
JMLaw122@cox.net